IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>            Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>JOBITA WILLETTA AVERY,   )<br>   )<br>            Defendant.   ) | Case No. 4:09CR3091<br><br>**TENTATIVE**<br>**FINDINGS** |

I am in receipt of the presentence investigation report in this case. Except for the defendant's objections (filing 177) regarding drug quantity, criminal history and miscellaneous portions of the PSR and defendant's motion (filing 178) for departure or variance for a variety of reasons, there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220(2005) and subsequent cases. *See*, *e.g.*, *Gall v. U.S.*, --- S.Ct. ----, 2007 WL 4292116 (2007). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' general advice through §3553(a)'s list of factors[1]; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason which justifies a sentence different than that called for by application of the advisory

---

[1] However, I will no longer give the Guidelines "substantial weight."

Guidelines.[2]

    (2)    It is ordered that:

    (A)    The objection and motion for departure or variance (filings 177 & 178) will be resolved at sentencing.

    (B)    The motion to seal (filings 176), treated as a motion to restrict, is granted.

    (C)    Notice is hereby given that the undersigned intends to use an 18 to 1 ratio to convert the crack to powder. That ratio is a product of Senate Bill 1789. If that ratio is applied, the base offense level and total offense level would become 34 rather than a level 38 assuming that the undersigned adopted the drug quantity calculated in the PSR (PSR ¶ 37).[3] Given a criminal history category of III (PSR ¶ 64), the imprisonment range would become 188 to 235 months using the 18 to 1 ratio instead of 292 to 365 months using the Guidelines. The undersigned intends to use the 18 to 1 ratio because it avoids unwarranted sentencing disparity (as between crack and powder) while still imposing a sentencing premium on the distribution of crack to poor (mostly black) people.

    (3)    Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

    (4)    If **any** party wishes to challenge these tentative findings, said party shall,

---

[2] *See* note 1.

[3] 15,608 grams of crack times 1.18 equals 18,417.44 grams of powder; 2,360 grams of powder equals 2,360 grams of powder; 2,360 plus 18,417=20,777 grams of powder; 20,777 divided by 1000 equals 20.77 kilos of powder; 20.77 kilos of powder is a level 34.

as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)   Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6)   Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

Dated this 21st day of April, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge