IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 4:09CR3091 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOBITA WILLETTA AVERY, | ) | |
| | ) | |
| Defendant. | ) | |

On October 4, 2012, Jobita Willetta Avery ("Avery") filed a Motion to Vacate under 28 U.S.C. § 2255. (Filing No. 284.)   The motion appears to be timely.  After initial review of the substance of the motion, I deny it.[1]

Jaktine Alphonso Moore ("Moore") was charged, together with his sister Jobita Avery, with engaging in a relatively large family business in Lincoln, Nebraska, that distributed crack cocaine produced by "cooking" powder cocaine.  On February 1, 2010, a jury convicted Moore and Avery and determined that they were each responsible for 50 grams or more of crack and 500 grams or more of cocaine.  I heard the evidence, and there was little doubt that both defendants were guilty.

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Through her direct appeal, Avery was represented by Stuart Dornan under the provisions of the Criminal Justice Act. Dornan is a very experienced and zealous criminal defense lawyer. Dornan previously served as an FBI agent. He also previously served as the County Attorney (head prosecutor) in Douglas County, the largest county in Nebraska. He currently serves as a member of the Federal Practice Committee for the District of Nebraska, and is on the Board of Directors of the Nebraska Criminal Defense Attorneys' Association. Dornan has an A-V rating from Martindale-Hubbell; he has been named a Great Plains Super Lawyer and a Top 100 Trial Lawyer by the National Trial Lawyers Association; and he is the president-elect of the Omaha Bar Association. *See Doe v. Nebraska, 2012 WL 6681855, at \*3 (D. Neb., Dec. 21, 2012)*.

Avery states that Dornan told her he had "a great deal for you" and urged her to take a plea. (Filing No. 284-1 at CM/ECF p. 28.) She rejected his recommendation, and insisted upon a trial. Avery has appended to her materials a photo and newspaper article showing Avery and her family protesting prior to trial outside the state courthouse against "dry conspiracies." (Filing No. 284-1 at CM/ECF p. 83.) Unfortunately for Avery, and notwithstanding her public protestations to the contrary, the evidence against her was strong.

As the Court of Appeals later observed in Moore's case, "several of the government witnesses testified that they had purchased crack cocaine from Moore's co-defendant, Jobita Avery, and that they had observed Moore cooking cocaine into crack cocaine and supplying it to Avery to sell." (Filing No. 244 at CM/ECF p. 3.) Avery's presentence report contains an accurate and much more detailed account of the evidence produced at trial against her. (Filing No. 203 at CM/ECF pp. 5-9 and ¶¶ 21-32.)

Avery initially faced a Guidelines' sentence of between 235 to 293 months in prison *even after* I applied what later became the Fair Sentencing Act. (Filing No.

189.) Among other things, Dornan objected to my tentative drug quantity calculation and sought a further reduced sentence. At sentencing, I agreed with Dornan's objection to drug quantity and I granted a motion for downward departure due to overstatement of criminal history. (*See* Filing No. 192.) Accordingly, I sentenced Avery to 135 months in prison. But for Dornan's skill, the result could have been much worse.

Avery appealed and Dornan handled the appeal. Dornan argued that the evidence was insufficient, for among other reasons, because the witnesses for the government gave inconsistent testimony and were testifying pursuant to plea agreements. The Court of Appeals denied the appeal. (Filing No. 239.) Dornan was granted leave to withdraw (filing no. 247), and Avery filed a petition for writ of certiorari (filing no. 252). The Supreme Court denied the petition for writ of certiorari on October 3, 2011. (Filing No. 253.[2]) Avery's 2255 motion was filed in this court on October 4, 2012, but it had been signed on October 1, 2011 (filing no. 284 at CM/ECF p. 7) and deposited in the prison mail no later than October 2, 2011 (filing no. 284-1 at CM/ECF p. 92).

Avery's 99-page motion and memorandum evidences the prolixity I frequently see from those like Avery who have no genuine complaint. In fact, her motion and memorandum are so thoroughly confusing and inconsistent that I cannot even determine how many claims she asserts. In any event, it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that Avery is not entitled to relief.

No useful purpose would be served by addressing in this opinion each of Avery's arguments (assuming that a reasonable person could understand each of them). It is sufficient to state that I have considered everything that Avery has written

---

[2]Notice of this denial was filed in this court on October 7, 2011.

together with every thing she has provided, and none of it entitles her to relief.  Only two points merit further mention.

First, after I sentenced Moore to life in prison, and his direct appeal failed, Moore filed a § 2255 motion raising several issues that Avery also raises.  (Filing No. 265.)  I denied Moore's 2255 motion and refused to grant a certificate of appealability. (Filing No. 269.)  In turn, on December 6, 2012, the Court of Appeals denied Moore's application for a certificate of appealability and dismissed his appeal from the denial of the 2255 motion.  (Filing No. 287.)   My ruling on Moore's 2255 motion resolves several of the claims asserted by Avery (such as those regarding juror Barbara Euler, an alleged variance from the indictment resulting from proof of multiple conspiracies, and the assertion that the government witnesses, who were housed at the same detention facility, colluded against the defendants) and I refer the reader to that published decision.  *See United States v. Moore*, No. 4:09CR3091, 2012 WL 1975385 (D. Neb. June 1, 2012).

Second, the assertion that Dornan provided ineffective assistance of counsel because he failed to investigate and provide the testimony of Michael Ealey is both ludicrous and intellectually dishonest.

Avery argues that Dornan should have called Michael Ealey to testify about how witnesses colluded to "jump on cases" and reduce their sentences while housed at the Saline County jail.  She attaches Ealey's affidavit dated August 12, 2012. (Filing No. 284-1 at CM/ECF pp. 60-62.)  Ealey was a twice convicted bank robber, with a criminal history of VI, who, at the time of Avery's trial, had been sentenced by me to 212 months in prison.  (*See* Case No. 4:08CR3096, Filing No. 49.)  His revised presentence report indicated that Ealey was addicted to crack, that he was using crack during the time frame of Avery's conspiracy and that he had previously suffered from serious mental health problems.  (*Id*., Filing No. 42.)

-4-

Setting aside the fact that Ealey did not sign his affidavit until August 2012, that he provides no explanation for that late disclosure, and that Avery does not explain when or how she first became aware of Ealey's claims, Ealey's testimony would have been cumulative. Dornan and counsel for Moore presented two witnesses who spoke specifically about "jumping on cases" as a result of being housed at the Saline County jail. (Filing No. 166 (transcript of defense witnesses Troy Hamilton and Jushan Malone).) In particular, Dornan call Jushan Malone, who had signed a cooperation agreement with the government. Despite his cooperation agreement with the government and his expressed fear that giving testimony for the defense would harm his relationship with the government, Dornan elicited testimony from Malone that buttressed the defense claim that the government's witnesses colluded against the defendants while those witnesses were housed together.

In summary, what I said about Moore is applicable to Avery. Avery received a full and fair jury trial, careful attention at sentencing, and a thoughtful appeal. She was represented by an extremely experienced and zealous lawyer who did an admirable job. No matter what, it was highly probable that Avery was facing a long time in prison. As was her right, she elected to go to trial hoping, I suppose, that the multitude of government witnesses would not be believed. The jury came to a different conclusion. The resulting 135-month sentence was required under the facts and the law. Avery has no legitimate argument for relief.

IT IS ORDERED that the Motion to proceed in forma pauperis (filing no. 285) is granted and the Motion to Vacate under 28 U.S.C. § 2255 (filing no. 284) is denied with prejudice. A separate judgment will be issued.

January 11, 2013.                    BY THE COURT:

                                     *Richard G. Kopf*
                                     Senior United States District Judge